5:19-cv-1096

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

CLINTON STRANGE,

Plaintiff

**RECEIVED**

AUG 20 2019

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

v.

JOHN DOE No.1;

&

JOHN DOE No. 2,

Defendants

**CIVIL ACTION**

**COMPLAINT FOR WILLFUL AND KNOWING VIOLATIONS OF:**

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**Jury Trial Demand**

## PRELIMINARY STATEMENT:

1. This is an action brought in good faith by an adult individual against Defendant JOHN DOE No.1, and JOHN DOE No.2(an entity or entities whose true identity/s is/are not known to the Plaintiff at this time), for willful and knowing violations of parts of the Telephone Consumer Protection Act of 1991 ("TCPA"):

    47 U.S. Code § 227(b)(1)(A)(iii)

    &

    47 U.S. Code § 227(c)(5)

2. The Plaintiff brings this private civil action to enforce the provisions of these laws in his own response, as a responsible citizen of both the State of Louisiana and the United States of America, to the overwhelming wide-spread public outrage about the proliferation of intrusive, disturbing, and absolutely annoying, nuisance telemarketing practices. See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). The Plaintiff is seeking a maximum award for damages, and an enjoinder from further violations of the parts herein.

## JURISDICTION AND VENUE:

3. **Jurisdiction** lies properly in this court because the action involves a Federal Question pursuant to 28 U.S. Code § 1331

4. **Venue** lies proper in this U.S. District Court pursuant to 28 U.S. Code § 1391

## PARTIES:

5. **Plaintiff**, CLINTON STRANGE, is an adult individual residing at the address of:

    CLINTON STRANGE

    7021 WINBURN DRIVE

    GREENWOOD, LA 71033

6. **Defendant** JOHN DOE No.1 is an entity whose true identity is not known to the Plaintiff at this time. Plaintiff represents that this entity can at this time be described as a Healthcare Insurance Robocaller who is associated with the phone numbers (817) 935-9004 and (817) 935-9008.

7. **Defendant** JOHN DOE No.2 is an entity whose true identity is not known to the Plaintiff at this time. Plaintiff represents that this entity can at this time be described as a Healthcare Insurance Robocaller who is associated with the phone number (318) 859-1753.

## FACTUAL ALLEGATIONS:

## SECTION I:

## THE TCPA STATUTES

8. The Telephone Consumer Protection Act of 1991 "TCPA" states in part under subsection b:

(b) Restrictions on use of automated telephone equipment(1) Prohibitions: It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

9. The Telephone Consumer Protection Act of 1991 states in part under subsection c:

(5) Private right of action: A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed

under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

10. Recovery of damages for the two separate provisions does not upset Congress's balance in setting damages "'fair to both the consumer and the telemarketer.'" See *GVN Mich.*, 561 F.3d at 632 n.8 (quoting 137 Cong. Rec. S16,204, S16,205 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings)).

11. Defendants' calls were made without the prior express consent, or the prior express written consent, of the called parties. 47 C.F.R. § 64.1200(a)(2); 47 C.F.R. § 64.1200(f)(8).

## SECTION II:
## PART A:
## THE DOCUMENTED HEALTHCARE INSURANCE ROBOCALLS
## DEFENDANT JOHN DOE No. 1

12. On June 21, 2018 at 12:08pm CST the Plaintiff received a Healthcare Insurance Robocall that was placed to his cellphone number 318-423-5057 from the Defendant John Doe No. 1's phone number 817-935-9008. The phone call lasted forty-five (45) seconds. The Defendant's call played a pre-recorded voice message that indicated that the call was in reference to Healthcare Insurance.

13. On July 17, 2018 at 12:06pm CST the Defendant placed a call to the Plaintiff's cellphone number 318-423-5057 using an Automatic Telephone Dialing System ("ATDS"). The Plaintiff did not answer the call. The Plaintiff believes a voicemail message was left, but he has since deleted it from his cellphone.

14. On September 10, 2018 at 4:14pm CST the Plaintiff received a Healthcare Insurance Robocall that was placed to his cellphone number 318-423-5057 from the Defendant's phone number 817-935-9008. The phone call lasted forty-three (43) seconds. The Defendant's call played a pre-recorded voice message that indicated that the call was in reference to Healthcare Insurance.

15. On July 16, 2019 at 11:47 am CST the Plaintiff received a Healthcare Insurance Robocall that was placed to his cellphone number 318-423-5057 from the Defendant's phone number 817-935-9004. The phone call lasted nine (9) seconds. The Defendant's call played a pre-recorded voice message that indicated that the call was in reference to Healthcare Insurance.

16. The Plaintiff took screenshots of the calls to document them.

17. The Plaintiff filed a complaint with the Louisiana Public Service Commission so they could begin investigating the matter on August 8, 2019.

## PART B:
## THE DOCUMENTED HEALTHCARE INSURANCE ROBOCALLS
## DEFENDANT JOHN DOE No. 2

18. On October 30, 2018 at 1:56pm CST the Defendant John Doe No. 2 placed a Robocall to the Plaintiff's cellphone number 318-423-5057 via a VICI dial ATDS platform that when the Plaintiff answered played a pre-recorded voice message "I'm calling about your on-line request for health insurance". The call lasted 29 seconds.

19. On October 31, 2018 at 1:54pm CST the Defendant John Doe No. 2 placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing an ATDS. This call was logged as a missed call in the Plaintiff's records.

20. On November 15, 2018 at 11:25am CST the Defendant John Doe No. 2 placed a Robocall to the Plaintiff's cellphone number 318-423-5057 via a VICI dial ATDS platform that when the Plaintiff answered played a pre-recorded voice message "I'm calling about your on-line request for health insurance". The call lasted 12 seconds.

21. On November 15, 2018 at 2:00pm CST the Defendant John Doe No. 2 placed a Robocall to the Plaintiff's cellphone number 318-423-5057 via a VICI dial ATDS platform that when the Plaintiff answered played a pre-recorded voice message "I'm calling about your on-line request for health insurance". The call lasted 27 seconds.

22. On November 15, 2018 at 3:17pm CST the Defendant John Doe No. 2 placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing an ATDS. This call was logged as a missed call in the Plaintiff's records.

23. On November 15, 2018 at 4:31pm CST the Defendant John Doe No. 2 placed a Robocall to the Plaintiff's cellphone number 318-423-5057 via a VICI dial ATDS platform that when the Plaintiff answered played a pre-recorded voice message "I'm calling about your on-line reques----". The call lasted 3 seconds because the Plaintiff hung up (disconnected the call) after the pre-recorded voice began playing.

24. On November 16, 2018 at 9:54am CST the Defendant John Doe No. 2 placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing an ATDS. This call was logged as a missed call in the Plaintiff's records.

25. On November 16, 2018 at 12:55pm CST the Defendant John Doe No. 2 placed a call to the Plaintiff's cellphone number 318-423-5057 utilizing an ATDS. This call was logged as a missed call in the Plaintiff's records.

26. On November 19, 2018 at 10:28am CST the Defendant John Doe No. 2 placed a Robocall to the Plaintiff's cellphone number 318-423-5057 via a VICI dial ATDS platform that when the Plaintiff answered played a pre-recorded voice message "I'm calling about your on-line request for health insurance". The call lasted about 9 seconds.

27. On November 19, 2018 at 10:45am CST the Defendant John Doe No. 2 placed a Robocall to the Plaintiff's cellphone number 318-423-5057 via a VICI dial ATDS platform that when the Plaintiff answered played a pre-recorded voice message "I'm calling about--". The call lasted about 3 seconds before Plaintiff disconnected the call.

28. The Plaintiff recorded the call that he received on November 19, 2018 at 10:28am CST.

29. The Plaintiff later had the recording transcribed in regard to the call that he received on November 19, 2018 at 10:28am CST [See Exhibit A].

## SECTION III:
### DEFENDANT'S ALLEGED USE OF AN ATDS AND PRE-RECORDED VOICE

30. The Plaintiff knows that an ATDS was being used by the Defendants to place the Robocalls to his cellphone due to the large number of complaints he found online regarding both numbers as identified in the complaint as those allegations relate to John Doe No. 1, and his own experience as to John Doe No. 2.

31. As the Plaintiff's allegations relate to Defendant John Doe No. 2 the Plaintiff was able to record at least one of the Robocalls that "played" a pre-recorded voice message that indicated the call was in regard to Healthcare insurance.

32. The Plaintiff also knows that an ATDS was being used to place the calls because he heard the tell-tale sounds of a VICI dial "balloon pop" on the occasion where he was

transferred to an agent at the Defendants' call center/s . Other U.S. District Court's have found that VICI dial technology is an ATDS.

33. The Plaintiff knows and alleges that the Robocalls were placed utilizing an ATDS due to the sheer volume of the calls. The Plaintiff organized an Exhibit that documents each and every one of the Defendants' (John Doe No. 1 & John Doe No. 2) unsolicited Robocalls placed to the Plaintiff's cellphone number 318-423-5057 [See Exhibit B].

## SECTION IV:
## THE STEPS THAT THE PLAINTIFF TOOK TO MITIGATE HIS DAMAGES

34. The Plaintiff registered his cellphone number 318-423-5057 on the U.S. Federal Trade Commission's Do-Not-Call Registry on January 3, 2018 [See Exhibit C].

35. The Plaintiff registered his cellphone number 318-423-5057 on the Louisiana Public Service Commission's Do-Not-Call Program Listing on August 2, 2018 [See Exhibit D].

## SECTION V:
## THE CONSUMER HARM THAT THE PLAINTIFF SUFFERED

36. Plaintiff does not like to receive unwanted commercially solicitous phone calls on his cellphone because they "intrude on his seclusion and violate his rights to privacy guaranteed under the U.S. Constitution", and further deplete plaintiff's memory storage capacity, deplete Plaintiff's battery level on his cellphone (amounting to a conversion Tort or alternatively a cause of action Tort for Trespass to his Chattel under Louisiana State Laws), and require him to use a measurable amount of both mental and physical energy to walk to his phone and answer the calls. Plaintiff alleges that he has Article III standing as a result of Defendant's agents alleged conduct.

37. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

38. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

39. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

40. While "prior express consent" is required for all automated and prerecorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a

telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

41. The Plaintiff has never given his consent of any kind for either Defendants John Doe No. 1 or John Doe No. 2 to place any calls to his cellphone. Further Plaintiff has no need of Defendant's services as he is and has been a Priority Group I registered member in the United States Department of Veterans Affairs Group Health System. He enjoys free medical care, prescription medications at no cost, and is even reimbursed for his travel to and from all his medical appointments.

## SECTION VI:
## STATEMENTS REGARDING AGENCY AND VICARIOUS LIABILITY

42. All the calls that were placed to the Plaintiff's cellphone number 318-423-5057 from the Phone numbers which appeared on the Plaintiff's caller ID as 817-935-9004 and 817-935-9008 were for the purpose of marketing goods and services that constituted telemarketing of Defendant John Doe No. 1's goods and services ( Healthcare Insurance products and policies).

43. All the calls that were placed to the Plaintiff's cellphone number 318-423-5057 from the Phone number which appeared on the Plaintiff's caller ID as 318-859-1753 were for the purpose of marketing goods and services that constituted telemarketing of Defendant John Doe No. 2's goods and services ( Healthcare Insurance products and policies).

44. The phone numbers 817-935-9004 and 817-935-9008 are operated by the same entity as indicated by their identical voice mail greeting [See Exhibit E].

45. Defendant John Doe No. 1 and Defendant John Doe No. 2 had similar sounding pre-recorded voice messages as it relates to calls placed to Plaintiff's cellphone.

46. Defendant John Doe No. 1 and Defendant John Doe No. 2 are the same entity or alternatively share a common lead generator or dialer service which placed the illegal violative Robocalls.

47. Many consumers have taken time to complain on websites such as 800notes.com about the Robocalls they have received from John Doe No. 1 in regard to calls placed from 817-935-9004 and 817-935-9008 [ See Exhibit F].

48. For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, *Memorandum Opinion and Order,* 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

49. In its January 4, 2008 ruling, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

50. At all times pertinent hereto Defendant John Doe No. 1 was acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

51. At all times pertinent hereto, the conduct of the Defendant John Doe No. 1, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Laws and the rights of the Plaintiff herein.

52. At all times pertinent hereto Defendant John Doe No. 2 was acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

53. At all times pertinent hereto, the conduct of the Defendant John Doe No. 2, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Laws and the rights of the Plaintiff herein.

THE COUNTS:

COUNT I:

(Plaintiff v. John Doe No. 1)

NEGLIGENT VIOLATIONS OF THE TCPA DO-NOT-CALL PROVISIONS

47 U.S. Code § 227(c)(5)

54. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein at length.

55. The Plaintiff alleges that the Defendant placed at least four (4) telemarketing calls to his phone number which had been registered on the Federal Do-Not-Call list over thirty-one (31) days prior to the calls being placed to his cellphone in violation of the TCPA's Do-Not-Call provisions.

56. The Plaintiff seeks five hundred dollars ($500 U.S. Dollars) in damages for each and every violation which the Court or trier of fact finds that the Defendant is Negligently liable to the Plaintiff for.

57. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

### COUNT II

### (Plaintiff v. John Doe No. 1)

### WILLFUL AND KNOWING VIOLATIONS OF THE TCPA DO-NOT CALL PROVISIONS

### 47 U.S. Code § 227(c)(5)

58. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein at length.

59. The Plaintiff alleges that the Defendant placed at least four (4) telemarketing calls to his phone number which had been registered on the Federal Do-Not-Call list over thirty-one (31) days prior to the calls being placed to his cellphone in violation of the TCPA's Do-Not-Call provisions.

60. The Plaintiff seeks fifteen hundred dollars ($1500 U.S. Dollars) in damages for each and every violation which the Court or trier of fact finds that the Defendant is Willfully and Knowingly liable to the Plaintiff for.

61. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

## COUNT III:

### (Plaintiff v. John Doe No.1)

### NEGLIGENT VIOLTIONS OF THE TCPA SUBSECTION B

### 47 U.S. Code § 227(b)(1)(A)(iii)

62. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein at length.

63. The Defendant placed at least four (4) calls to the Plaintiff's cellphone without his consent using an ATDS and or Pre-recorded voice messages in violation of subsection b of the TCPA.

64. The Plaintiff seeks five hundred dollars ($500 U.S. Dollars) in damages for each and every violation which the Court or trier of fact finds that the Defendant is Negligently liable to the Plaintiff for.

65. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

## COUNT IV:

### (Plaintiff v. John Doe No. 1)

### WILLFUL AND KNOWING VIOLATIONS OF THE TCPA SUBSECTION B

### 47 U.S. Code § 227(b)(1)(A)(iii)

66. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein at length.

67. The Defendant placed at least four (4) calls to the Plaintiff's cellphone without his consent using an ATDS and or Pre-recorded voice messages in violation of subsection b of the TCPA.

68. The Plaintiff seeks fifteen hundred dollars ($1500 U.S. Dollars) in damages for each and every violation which the Court or trier of fact finds that the Defendant is Willfully and Knowingly liable to the Plaintiff for.

69. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

## COUNT V:

### (Plaintiff v. John Doe No. 2)

### NEGLIGENT VIOLATIONS OF THE TCPA DO-NOT-CALL PROVISIONS

### 47 U.S. Code § 227(c)(5)

70. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein at length.

71. The Plaintiff alleges that the Defendant placed at least ten (10) telemarketing calls to his phone number which had been registered on the Federal Do-Not-Call list over thirty-one (31) days prior to the calls being placed to his cellphone in violation of the TCPA's Do-Not-Call provisions.

72. The Plaintiff seeks five hundred dollars ($500 U.S. Dollars) in damages for each and every violation which the Court or trier of fact finds that the Defendant is Negligently liable to the Plaintiff for.

73. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

## COUNT VI:

### (Plaintiff v. John Doe No. 2)

### WILLFUL AND KNOWING VIOLATIONS OF THE TCPA DO-NOT CALL PROVISIONS

### 47 U.S. Code § 227(c)(5)

74. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein at length.

75. The Plaintiff alleges that the Defendant placed at least ten (10) telemarketing calls to his phone number which had been registered on the Federal Do-Not-Call list over thirty-one (31) days prior to the calls being placed to his cellphone in violation of the TCPA's Do-Not-Call provisions.

76. The Plaintiff seeks fifteen hundred dollars ($1500 U.S. Dollars) in damages for each and every violation which the Court or trier of fact finds that the Defendant is Willfully and Knowingly liable to the Plaintiff for.

77. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

## COUNT VII:

### (Plaintiff v. John Doe No.2)

### NEGLIGENT VIOLTIONS OF THE TCPA SUBSECTION B

### 47 U.S. Code § 227(b)(1)(A)(iii)

78. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein at length.

79. The Defendant placed at least ten (10) calls to the Plaintiff's cellphone without his consent using an ATDS and or Pre-recorded voice messages in violation of subsection b of the TCPA.

80. The Plaintiff seeks five hundred dollars ($500 U.S. Dollars) in damages for each and every violation which the Court or trier of fact finds that the Defendant is Negligently liable to the Plaintiff for.

81. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

## COUNT VIII:

### (Plaintiff v. John Doe No.2)

### WILLFUL AND KNOWING VIOLATIONS OF THE TCPA SUBSECTION B

### 47 U.S. Code § 227(b)(1)(A)(iii)

82. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein at length.

83. The Defendant placed at least ten (10) calls to the Plaintiff's cellphone without his consent using an ATDS and or Pre-recorded voice messages in violation of subsection b of the TCPA.

84. The Plaintiff seeks fifteen hundred dollars ($1500 U.S. Dollars) in damages for each and every violation which the Court or trier of fact finds that the Defendant is Willfully and Knowingly liable to the Plaintiff for.

85. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

**PRAYER FOR RELIEF:**

**Jury Trial Demand;**

Plaintiff demands trial by jury on all issues so triable.

**Prayer for Relief;**

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

Statutory Damages;
Treble Damages;
Stacked Damages;
Pre and Post Judgement Interest;
Enjoinder from further violations of these parts;
Costs of litigating the action together along with all reasonable attorney's fees (if any) and court costs;
And such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _Clinton Strange_        8-16-2019
Clinton Strange                    Dated
Pro Se
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057
parsmllc@gmail.com