UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

CLINTON STRANGE                               CIVIL ACTION NO. 19-1096

VERSUS                                        JUDGE DONALD E. WALTER

JOHN DOE #1, ET AL.                           MAGISTRATE JUDGE HORNSBY

_____

## MEMORANDUM RULING

Before the Court is a motion for default judgment filed pro se by the plaintiff, Clinton Strange ("Strange"). See Record Document 11. Based on the following analysis, Strange's motion for default judgment is **GRANTED.**

**I.     FACTUAL AND PROCEDURAL BACKGROUND.**

On August 20, 2019, the plaintiff, Clinton Strange ("Strange") brought a private enforcement action against two John Doe Defendants who were allegedly placing auto-dialed health care insurance sales calls to his cellphone number without his consent. See Record Document 1. Strange alleged that the defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(b) and (c).

Strange was able to determine that John Doe #1 was Prospect America, Inc. He was unable to determine the identity of defendant John Doe #2. Strange amended his complaint to name Prospect America, Inc. and a summons was issued. See Record Document 6 at 2. Prospect America was served via its registered agent in the State of Nevada where it was incorporated. Strange filed evidence of service and complaint on October 24, 2019. See Record Document 8.

Strange alleged in his complaint that his cellphone number has been registered on the Federal Do-Not-Call Listing since January 3, 2018. See Record Document 6 at 7. However, despite this fact, Prospect America placed at least four calls to Strange's cellphone without his

prior consent.[1]  Strange contends in his motion for default judgment that Prospect America is liable for four willful and knowing violations of Section 227(c)(5) and seeks damages of "up to One Thousand Five Hundred U.S. Dollars ($1500.00) for each and every violation under this subsection of the TCPA at the discretion of the Court."  Record Document 11 at 3.  He further refers to 47 U.S.C. § 227(b)(1)(A)(iii) regarding the four phone calls and contends that these calls were placed willfully and knowingly using an automatic telephone dialing system.

## II. LAW AND ANALYSIS.

### A. Default Judgment.

Federal Rule of Civil Procedure 55 sets forth the conditions under which a default judgment may be entered against a party, as well as the procedure to obtain the entry of default judgment. A default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  An entry of default must be entered when the default is established "by affidavit or otherwise."  See id.  A party may apply to the clerk of court for a default judgment after an entry of default.  See Fed. R. Civ. P. 55(b).  After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on the default, which Strange has done in this case.[2]

In the instant case, because Prospect America has failed to answer or otherwise respond to Strange's suit and Strange has obtained an entry of default, the only issue remaining for

---

[1] In his motion for default judgment, Strange also asserted that Prospect America continued to call him even after he voiced a request to stop doing so.  See Record Document 11 at 3.  However, there is no mention of this in either Strange's initial or amended complaints.  See Record Documents 1 and 6.

[2] Before issuing a judgment of default, the Court must ascertain that the defendant is neither a minor, an incompetent person, or in military service or otherwise subject to the Soldiers and Sailors Relief Act of 1940.  See Fed. R. Civ. P. 55(b).  Because it is a corporation, Prospect America is neither a minor nor an incompetent person, nor can it be active in military service.  Therefore, those factors do not preclude a default judgment in this case.  See Genesis Servs., Inc. v. Screens Plus, Inc., 6:16-CV-00613, 2016 WL 7036791, at *3 (W.D. La. Nov. 7, 2016), report and recommendation adopted, 2016 WL 7041639 (W.D. La. Dec. 1, 2016).

determination is whether a default judgment is warranted. Therefore, this Court must determine whether Prospect America is liable to Strange and then, what amount of damages, if any, is owed. Some courts in the Fifth Circuit employ a three-part analysis in this regard: (1) whether the entry of default judgment is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what form of relief, if any, a plaintiff should receive. See Graham v. Coconut LLC, 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citing Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998)); In re Lewis, No. 18-BR-31573, 2019 WL 2158832, at *4 (W.D. La. May 16, 2019). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

### 1. Procedurally Warranted.

The Court must first determine whether a default judgment is procedurally warranted. Relevant factors include:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

Lindsey, 161 F.3d at 893. These factors favor granting default judgment against Prospect America. There are no material issues of fact, the Plaintiff's interests are prejudiced because of Prospect America's failure to respond, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts. The fourth and sixth factors also favor default judgment because Prospect America has not offered any evidence that its failure to answer was the product of a good faith mistake or excusable neglect, and there does not appear to be any basis

upon which the Court would be obligated to set aside the default. Therefore, Strange has met the procedural requirements for default judgment.

### 2. Sufficient Basis in the Pleadings.

In determining whether there is a sufficient basis in the pleadings for a default judgment, the Fifth Circuit "draw[s] meaning from the case law on [Federal Rule of Civil Procedure] 8, which sets forth the standards governing the sufficiency of a complaint." Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 498 (5th Cir. 2015). Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so as "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quotations and citation omitted). Based upon the contents of his amended complaint, Strange has sufficiently pleaded that Prospect America violated one provision of the TCPA.

Strange asserted in his amended complaint that on June 21, 2018, he received a healthcare insurance robocall on his cellphone from Prospect America number 817-935-9008. See Record Document 6 at 6. The call played a prerecorded message that indicated that the call was in reference to healthcare insurance. On July 17, 2018, Prospect America placed another call to Strange's cellphone using an automatic telephone dialing system ("ATDS"). Strange did not answer the call. He believes a voicemail message was left but he deleted it from his cellphone. See id. On September 10, 2018, Strange received another healthcare insurance robocall on his cellphone from Prospect America's number of 817-935-9008. The call contained a prerecorded message that indicated that the call was in reference to healthcare insurance. See id. On July 16, 2019, Strange received a healthcare insurance robocall on his cellphone from Prospect America's phone number of 817-935-9004. Once again, it was a prerecorded message that indicated the call was in reference to healthcare. See id. Strange took screenshots of the calls to document them.

4

See Record Document 6, Ex. A. Strange alleged that he knew that an ATDS was being used "due to the large number of complaints he found online regarding both numbers identified in the complaint" and because he "heard the tell-tale sounds of a VICI dial 'balloon pop' on the occasion where he was transferred to an agent. . . ." Id. at 7.

### a. Section 227(c).

Strange alleges, in part, that the phone calls by Prospect America violated the TCPA pursuant to 47 U.S.C. § 227(c)(5). Section 227(c)(5) of the TCPA allows a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the prescribed regulations. 47 U.S.C. § 227(c)(5). The specific language of the TCPA provides that the regulations implemented pursuant to Subsection 227(c) apply to telephone solicitations made to "residential telephone subscribers." 47 U.S.C. § 227(c)(1) ("[T]he Commission shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."). Subsection (c) and its accompanying regulations in 47 C.F.R. § 64.1200(d)[3] impose minimum procedures for maintaining a do-not-call list that apply to all calls—live or automated—initiated for telemarketing purposes to residential telephone subscribers. See Charvat v. NMP, LLC, 656 F.3d 440, 449 (6th Cir. 2011). The private right of action created by 47 U.S.C. § 227(c)(5) is, therefore, arguably limited to redress for violations of the regulations that concern residential telephone subscribers.

Recent courts considering similar claims have found this section not to encompass cellular phones and have dismissed the claims, while other courts have determined a plaintiff must put

---

[3] Section 64.1200(d) states that "[n]o person or entity shall initiate any call for telemarketing purposes to a *residential* telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d) (emphasis added).

forth evidence establishing that the cellular phone is used for residential purposes. See Cunningham v. Sunshine Consulting Grp., LLC, No. 3:16-CV-2921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018) ("The private right of action created by 47 U.S.C. § 227(c)(5) provides for redress of violations of the regulations that concern residential telephone subscribers. . . . Plaintiff alleges only calls to his cellular phone. Accordingly, he fails to state a claim for relief under 47 U.S.C. § 227(c)(5). . . ."); Cunningham v. Politi, No. 4:18-CV-0362, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019) ("The private right of action created by 47 U.S.C. § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers. Recent courts considering claims asserted by Plaintiff have found this not to encompass Plaintiff's cellular phones and have dismissed his claims.") (collecting cases); but see Cunningham v. McDonald, No. 3:15-CV-215, 2018 WL 6737418, at *2 (M.D. Tenn. Nov. 5, 2018) ("While a person utilizing a cellular phone may fall within the definition of a 'residential telephone subscriber' under the act, Plaintiff's pleadings allege only that calls were made to his cellular phone and he has pled no facts or offered evidence sufficient for the court to draw the conclusion that he has stated a cause of action under subsection (c)(5)"); Stevens-Bratton v. TruGreen, Inc., --- F.Supp.3d ---, No. 2:15-2472, 2020 WL 556405, at *4 (W.D. Tenn. Feb. 4, 2020) ("Courts have interpreted the 'residential telephone subscriber' element to require proof that the number called was used for 'residential purposes.'"); Cunningham v. Rapid Capital Funding, LLC/RCF, No. 3:16-CV-2629, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017) ("While this Court has suggested that calls to a cell phone may be construed as calls to a *residential telephone*, the plaintiff must plead facts showing the cell phone is used for residential purposes." (emphasis in original)). Here, Strange alleges only the use of his cellular phone and has not put forth any evidence establishing that his cellular telephone is used for residential purposes. Therefore, he may not recover pursuant to this section.

However, even if Strange's cellular phone fell within the definition of a "residential telephone subscriber" under the TCPA, he still has not adequately pleaded his TCPA claim under Section 227(c)(5) against Prospect America. "[47 C.F.R. §64.1200(d)] relates to a marketer's duty to prepare internal policies to receive and implement affirmative requests not to receive calls." Bailey v. Domino's Pizza, LLC, 867 F.Supp.2d 835, 842 (E.D. La. 2012). Strange did not allege in his complaints that he made an affirmative request to Prospect America to stop calling him and to put him on a company specific do-not-call list, nor did he request a copy of Prospect America's do-not-call procedures. At best, it is unclear how the provision was violated. As such, Strange has not provided a sufficient basis in the pleadings to proceed on his TCPA claim under Section 227(c)(5).

### b. Section 227(b).

Strange also alleges a claim under Section 227(b) of the TCPA. This section makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines "automatic telephone dialing system" as equipment with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers." 47 U.S.C. § 227(a)(1). "To state a claim under the TCPA for calls made to a cellular phone, a plaintiff is required to allege that a call was made to a cell or wireless phone by the use of any automatic dialing system or an artificial or prerecorded voice and without prior express consent of the called party." Cunningham v. TechStorm, LLC, No. 3:16-CV-2879, 2018 WL 3118400, at *3 (N.D. Tex. May 29, 2018) (citations omitted).

Strange has alleged sufficient facts to state a claim under section 227(b) of the TCPA for calls made to his cell phone. He alleged that Prospect America made calls to his cell phone by the use of an automatic dialing system without his prior express consent, and he additionally specified the frequency and times of the calls and the reasons for his contention that it was the Defendant, Prospect America. He also attached screenshots of the calls to his pleadings. Strange additionally provided sufficient reasoning as to why he believes Prospect America utilized an ATDS in calling him. His pleadings offer far more than conclusory statements concerning the Defendant's liability and present sufficient factual context to notify the Defendant of the conduct charged. Accordingly, Strange has provided a sufficient basis in his pleadings for a default judgment on his TCPA claim under Section 227(b).[4]

### B. Damages.

Having met the first two requirements, the Court must now determine what form of relief, if any, the plaintiff should receive. In his motion for default judgment, Strange contends that he is entitled to statutory and treble damages[5] for the four phone calls he received from Prospect America.[6]

---

[4] Other courts that have similarly granted motions for default judgment for TCPA claims have determined the number of phone calls based upon the allegations in the complaint or upon additional evidence, such as screenshots of the plaintiff's phone showing the alleged violations. See Cunningham v. Greenstar Capital Sols., LLC, No. 4:18-CV-0161, 2018 WL 4572711, at *7 (E.D. Tex. Aug. 1, 2018); Arredondo v. Flexi Corp., No. 5:17-CV-4, 2017 WL 7796192, at *2 (S.D. Tex. Aug. 18, 2017); Jones v. Lockhart, Morris & Montgomery, Inc., No. 1:11-CV-373, 2012 WL 1580759, at *4 (E.D. Tex. Feb. 3, 2012).

[5] Specifically, Strange asserted "that it is in the public interest that this Defendant b[e] punished by asserting trebled [sic] damages against Defendant for each and every call placed in violation of this subsection of the TCPA by assessing statutory damages of up to One Thousand Five Hundred U.S. Dollars ($1500.00) for each and every violation under this subsection of the TCPA at the discretion of the Court." Record Document 11 at 3-4.

[6] In his specific prayer for relief contained in his motion for default judgment, Strange "prays that that Court would enter a Judgement [sic] of Default against the Defendant Prospect AmericA Inc.

Under 47 U.S.C. § 227(b)(3), a person may bring a private right of action for violations of Section 227(b) to recover "actual monetary loss from such violation, or to receive $500 in damages for each such violation, whichever is greater. . . ." Additionally, if the "court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(B)-(C).

In his motion for default judgment, with regard to Section 227(b)(1)(A), Strange seeks $1,500 for each of the four phone calls, which presumably includes $500 per call in statutory damages under 47 U.S.C. § 227(b)(3)(B) and $1,000 per call in treble damages under 47 U.S.C. § 227(b)(3)(C). However, this Court finds that only $500 per call is appropriate under the circumstances. Although Strange alleges that Prospect America acted willfully or knowingly, he failed to provide any factual basis, beyond his conclusory statements, to support his claim. Therefore, because Strange failed to plead sufficient facts showing that Prospect America acted willfully or knowingly, he is not entitled to treble damages. Strange is entitled to damages for the four phone calls made to him by Prospect America in violation of 47 U.S.C. § 227(b)(1), but only in the amount of $500 per call in statutory damages.

---

for TCPA damages as outlined in the live complaint for up to $12,000.00 (Twelve Thousand U.S. Dollars) based on the Plaintiff's allegations and evidence presented in his complaint together along with pre and or post judgement [sic] interest and costs of bringing and litigating the action at the discretion of the Court." Record Document 11 at 4.

9

### III. CONCLUSION.

Based on the foregoing, the Court finds that Strange is entitled to a default judgment against Prospect America for a total amount of $2,000.[7] Accordingly, Strange's motion for default judgment is **GRANTED.**

A judgment in accordance with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of May, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[7] As previously mentioned, Strange also requests interest and costs. The Court may award costs to the prevailing party under Federal Rule of Civil Procedure 54(d)(1). The Court finds that costs are appropriate, and Strange may file a Bill of Costs pursuant to 28 U.S.C. § 1920 after the Court enters final judgment. The Court may award post-judgment interest pursuant to 28 U.S.C. § 1961. Accordingly, Strange's request for post-judgment interest is **GRANTED**.